UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FERNANDEZ GONZALEZ ASOCIADOS, LLC, | § § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | Civil Case No. 7:25-CV-00316 |
| DEPOSITORS INSURANCE COMPANY, | | |
| Defendant. | | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Fernandez Gonzalez Asociados's ("FGA") commercial property was allegedly damaged by a hail and windstorm, leading to a dispute with its insurer, Depositors Insurance Company ("Depositors"). Despite efforts to resolve the matter through an appraisal process outlined in the insurance policy, disagreements between the Parties have persisted.

Pending before the Court is FGA's Motion to Abate, (Dkt. No. 5), FGA's Motion to Substitute Appraiser Justin Galindo for Appraiser Rick Guerra-Prats, (Dkt. No. 7), and FGA's Motion to Compel Appraisal and/or Clarify, (Dkt. No. 8). For the following reasons, the Court **GRANTS** FGA's Motion to Abate, (Dkt. No. 5), **DENIES** FGA's Motion to Substitute Appraiser Justin Galindo for Appraiser Rick Guerra-Prats, (Dkt. No. 7), and **STRIKES** FGA's Motion to Compel Appraisal and/or Clarify, (Dkt. No. 8).[1]

---

[1] The Court also **DENIES without prejudice** Defendant's Opposed Motion to Deny Plaintiff's Claim for Attorney's Fees, (Dkt. No. 10) and **DENIES** Plaintiff Fernandez Gonzalez Asociados, LLC's Unopposed Motion for Oral Argument on Pending Motions (Dkt. No. 31) as moot.

I. **BACKGROUND**

FGA alleges that its Mission, Texas, commercial property sustained hail and windstorm damage in May 2023. (Dkt. No. 28 at 2). Defendant Depositors Insurance Company ("Depositors") insured FGA. (*Id.*). FGA reported the claim to Depositors, and on May 31, 2023, Depositors inspected the property and prepared an estimate of the damages. (*Id.* at 2–3). Depositors performed a second inspection of the property in June 2024, which confirmed the findings of the first report. (*Id.* at 3).

FGA's insurance policy with Depositors provides that, if there is a disagreement as to the amount of loss in a claim, either party may invoke the appraisal process. (Dkt. No. 14-3 at 32). Relevant here, the policy provides that each party selects and pays its respective "competent and impartial appraiser." (*Id.*). FGA invoked appraisal under the Policy on May 22, 2024,[2] (Dkt. No. 14-1 at 1–2); (*see* Dkt. No. 28 at 4), and each party selected its appraiser, (Dkt. No. 14 at 2); (Dkt. No. 14-3 at 32). After an initial inspection in January 2025 was postponed, the appraisers jointly inspected the property in February 2025 and disagreed on the estimated damages. (Dkt. No. 14-4 at 1–2).

On May 28, 2025, FGA sued Depositors in state court in Hidalgo County for breach of contract, violations of the Texas Insurance Code and the Texas Deceptive Trade

---

[2] FGA also notes that "Plaintiff affirmatively invoked the appraisal provision of its insurance policy, through the undersigned counsel, on June 23, 2025." (Dkt. No. 8 at 1). The Court assumes that this relates specifically to a demand for an appraisal of the lost rental income, due to it being in the Motion to Compel Appraisal and/or Clarify that focuses on lost rental income. (Dkt. No. 8).

2

Practices Act, unfair insurance practices, and breach of the duty of good faith and fair dealing. (Dkt. No. 1-1 at 5–14).[3]

On June 18, 2025, the appraisers confirmed that they disagreed on the estimate of damages, had reached an impasse, and discussed appointing an umpire. (Dkt. No. 14-4 at 2). However, the joint inspection with the appraisers and umpire has yet to occur because FGA has not paid its appointed appraiser. (Dkt. No. 14 at 2–3). According to FGA, its appraiser was appointed before "Plaintiff's retention of counsel" and that the appraiser resigned "[d]ue to irreconcilable differences, one of which was the issue of payment." (Dkt. No. 7 at 1–2).

On June 19, 2025, Depositors answered in state court with a general denial,[4] (Dkt. No. 1-2), and later removed the case to this Court alleging diversity jurisdiction, (Dkt. No. 1). On July 3, 2025, FGA filed its Motion to Abate, (Dkt. No. 5), Motion to Substitute Appraiser Justin Galindo for Appraiser Rick Guerra-Prats, (Dkt. No. 7), and Motion to Compel Appraisal as to Lost Rental Income, (Dkt. No. 8).

## II.   LEGAL STANDARD

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Nat'l Liab. & Fire Ins. Co. v. R&R Marine, Inc.*, 756 F.3d 825, 834 (5th Cir. 2014) (quoting *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 2219,

---

[3] FGA subsequently filed its First Amended Complaint with the Court, alleging the same causes of action. (Dkt. No. 28).

[4] Depositors subsequently filed its First Amended Answer with the Court. (Dkt. No. 25).

135 L.Ed.2d 659 (1996)). Accordingly, this Court applies "the substantive insurance law of Texas." *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 291 (5th Cir. 2005).

Under Texas law, "[a]n insurance policy is a contract that establishes the respective rights and obligations to which an insurer and its insured have mutually agreed . . . ." *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 270 (Tex. 2021) (orig. proceeding) (quoting *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 488 (Tex. 2018)). Policies are construed in the same manner as any other contract. *Menchaca*, 545 S.W.3d at 488. Some insurance policies include appraisal clauses to resolve disputes over the amount of a covered loss. *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888–89 (Tex. 2009). "These clauses are generally enforceable, absent illegality or waiver." *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d 404, 407 (Tex. 2011) (orig. proceeding).

"In the case of an insurer trying to enforce a condition precedent . . . a proper remedy is abatement . . . ." *U.S. Pecan Trading Co. v. Gen. Ins. Co. of Am.*, No. 3:08-CV-00347, 2008 WL 5351847, at *2 (W.D. Tex. Nov. 6, 2008) (citing *Lidawi v. Progressive Cnty. Mut. Ins. Co.*, 112 S.W.3d 725, 735 (Tex. App.—Houston [14th Dist.] 2003, no pet.)). Indeed, "the majority of Texas courts have held that when a plaintiff asserts extra-contractual claims in addition to a claim for breach of contract, it is in the best interest of justice that the entire case be abated pending appraisal." *Johnson v. Liberty Mut. Fire Ins. Co.*, No. 4:14-CV-00604, 2015 WL 11170153, at *3 (E.D. Tex. Oct. 30, 2015) (collecting cases). "Extra-contractual claims include violations of Chapters 541 and 542 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and violations of the DTPA." *GeoVera Spec. Ins. Co. v. Walker*, No. 4:20-CV-01361, 2021 WL 5351721, at *4 (S.D.

4

Tex. Aug. 9, 2021) (citing *Hamilton Props. v. Am. Ins. Co.*, 543 F.App'x 437, 442 (5th Cir. 2016) (per curiam)).

### III.   DISCUSSION

The Court first addresses FGA's Motion to Substitute Appraiser Justin Galindo for Appraiser Rick Guerra-Prats, (Dkt. No. 7), followed by FGA's Motion to Compel Appraisal and/or Clarify, (Dkt. No. 8), and finally FGA's Motion to Abate, (Dkt. No. 5).

#### A.   APPRAISER SUBSTITUTION

The Court will not permit FGA to "substitute" its appraiser. The Policy in this case "establishes the respective rights and obligations to which an insurer and its insured have mutually agreed." *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d at 270 (quoting *Menchaca*, 545 S.W.3d at 488). The Policy requires FGA to select a competent and impartial appraiser and cover the appraiser's fees. (Dkt. No. 14-3 at 32).

The two cases cited by FGA in support of substituting its appraiser are not applicable. (*See* Dkt. No. 7 at 2). The first case does not support FGA's argument that a court may "infer a reasonable a [sic] term permitting the parties to select replacement appraisers" after resignation or withdrawal. (*See id.* (discussing *Sanchez v. Prop. and Cas. Ins. Co. of Hartford*, No. H-09-1736, 2010 WL 413687, at *4 (S.D. Tex. Jan. 27, 2010))). *Sanchez* dealt with a waiver of a demand for appraisal. *See Sanchez*, 2010 WL 413687, at *1–9. Moreover, there is no need for the Court to infer a reasonable term when the Policy clearly directs each party to pay its own appraiser. (Dkt. No. 14-3 at 32). The second case cited by FGA involved an appraiser who withdrew "due to an extremely high workload resulting from Hurricane Ike"—a circumstance "beyond [the appointing] party's

5

control." (Dkt. No. 7 at 2 (discussing *Woodward v. Liberty Mut. Ins. Co.*, No. 3:09-CV-0228-G, 2010 WL 1186323, at *5 (N.D. Tex. Mar. 26, 2010))). In contrast, the reasons for FGA wanting to substitute the appraiser are entirely within FGA's control. Unlike in *Woodward*, no compelling reason exists to permit FGA's appraiser to withdraw.

FGA also attempts to establish that its appraiser is no longer impartial, which would warrant his disqualification. (*See* Dkt. No. 17 at 2 ("Galindo is no longer an impartial appraiser . . . .")). That argument falls flat. When a policy requires an "impartial" appraiser like here, (Dkt. No. 14-3 at 32), a court considers "whether the appraiser is an employee of the appointing party, whether the appointing party exercises influence or control over the appraiser, and whether the appraiser has financial interest in the insured's claim." *Nemo Cay Resort Townhome Assoc. v. Underwriters at Lloyd's*, 2:19-CV-00386, 2020 WL 4934370, at *5 (S.D. Tex. Apr. 22, 2020) (first citing *MLCSV10 v. Stateside Enters., Inc.*, 866 F.Supp.2d 691, 699 (S.D. Tex. 2012); and then citing *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 787 (Tex. App.—Houston [14th Dist.] 2004, no pet.)).

FGA has not alleged that its appraiser has a financial interest in the claim or that a party to the action employs or controls the appraiser. (*See* Dkt. Nos. 7, 17). Nor did FGA challenge the appraiser's qualifications or experience. (*See id.*). What's more, FGA didn't identify any defect in the appraisal process. Instead, it vaguely claims that it had "irreconcilable differences [with its appraiser], one of which was the issue of payment," (Dkt. No. 7 at 2), and that they "are so at odds with each other, not only for financial motives, but also for personal reasons, such that their interests [] do not align . . . ," (Dkt.

6

No. 17 at 1–2). As such, FGA has failed to establish that its appraiser is impartial. FGA's Motion to Substitute Appraiser Justin Galindo for Appraiser Rick Guerra-Prats, (Dkt. No. 7), is **DENIED**.

**B.    APPRAISAL AS TO LOST RENTAL INCOME**

FGA has failed to comply with either the District's or the undersigned's conferral procedures, requiring the Court to strike FGA's Motion to Compel Appraisal and/or Clarify. (Dkt. No. 8). Specifically, the undersigned's conferral procedures reference following Local Rule 7, *see* Court Procedures, Hon. Drew B. Tipton, https://www.txs.uscourts.gov/sites/txs/files/Tipton%20Procedures.pdf, which requires opposed motions to "contain an averment that (1) The movant has conferred with the respondent and (2) Counsel cannot agree about the disposition of the motion." *See* LR7.1. The undersigned's conferral procedures also instruct parties to "[m]ake serious, timely, good faith efforts to seek agreement on all disputed matters and requests for relief except dispositive motions. The Court will strike motions in civil cases . . . that do not include a certificate of conference." Court Procedures, Hon. Drew B. Tipton, https://www.txs.uscourts.gov/sites/txs/files/Tipton%20Procedures.pdf.

FGA's Certificate of Conference states: "This is to certify that . . . counsel for Plaintiff invoked appraisal. Defendant is in receipt of request, has agreed to participate in appraisal [as to the property damage claim], opposes substitution of appraiser, but perhaps need clarification as to the scope of appraisal to include the amount of business losses." (Dkt. No. 8 at 6).

FGA's Certificate of Conference does not show any conference between the Parties or any "serious, timely, good faith effort[]" to reach an agreement regarding the appraisal of lost business income before filing the Motion. Therefore, the Court **STRIKES** FGA's Motion to Compel Appraisal and/or Clarify. (Dkt. No. 8).

**C.  ABATEMENT**

FGA argues that abatement is proper because FGA's extra-contractual claims may be rendered moot after resolving the breach of contract claim through the appraisal process. (Dkt. No. 5). Depositors contends that abatement is discretionary, and that FGA's extra-contractual claims may not be resolved by appraisal. (Dkt. No. 13). The Court agrees with FGA that abatement is appropriate.

Both Parties are correct in a sense—appraisal may or may not resolve FGA's extra-contractual claims. However, the majority of Texas courts have found that the possibility of the insured's extra-contractual claims being mooted by the appraisal process justifies abatement. *See Johnson*, 2015 WL 11170153, at *3; *see also James v. Prop. & Cas. Ins. Co. of Hartford*, No. 4:10-CV-01998, 2011 WL 4067880, at *2 n.7 (S.D. Tex. Sept. 12, 2011) ("[I]n most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract." (quoting *Liberty Nat'l Fire Ins. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996))); *GeoVera Spec. Ins. Co.*, 2021 WL 5351721, at *4 ("Generally, '[w]hen the issue of coverage is resolved in the insurer's favor, extra-contractual claims do not survive.' . . . Unless the plaintiff can show an injury independent of the right to policy benefits, the general rule will apply and preclude

8

recovery." (first quoting *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010); and then citing *Menchaca*, 545 S.W.3d at 499–501)).

Depositors is correct that abatement is not required where the insured brings both contractual and extra-contractual claims. (Dkt. No. 13 at 3). Nevertheless, the Court has discretion to grant abatement. *In re Terra Nova Ins.*, 992 S.W.2d 741, 742 (Tex. App.—Texarkana 1999, no pet.) (denying mandamus because the trial court had discretion to decide when appraisal should take place in a suit asserting both contract claims and extra-contractual claims). For these reasons, the Court **GRANTS** FGA's Motion to Abate. (Dkt. No. 5).

## IV.   CONCLUSION

Considering the foregoing analysis, the Court **GRANTS** FGA's Motion to Abate, (Dkt. No. 5), **DENIES** FGA's Motion to Substitute Appraiser Justin Gallindo for Appraiser Rick Guerra-Prats, (Dkt. No. 7), and **STRIKES without prejudice** FGA's Motion to Compel Appraisal and/or Clarify, (Dkt. No. 8). The Court further **DENIES without prejudice** Defendant's Opposed Motion to Deny Plaintiff's Claim for Attorney's Fees, (Dkt. No. 10) and **DENIES** Plaintiff Fernandez Gonzalez Asociados, LLC's Unopposed Motion for Oral Argument on Pending Motions (Dkt. No. 31) as moot.

It is SO ORDERED.

Signed on February 20, 2026.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**